IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRELL TRAVIS,

    Petitioner,

vs.

                            CASE NO. 4:09cv327-RH/WCS

KENNETH S. TUCKER, Secretary,
Florida Department of Corrections,[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a second amended petition for writ of habeas corpus filed by Darrell Travis pursuant to 28 U.S.C. § 2254. Doc. 7. Petitioner challenges his convictions for burglary of a conveyance (counts one and two), possession of burglary tools (count

---

[1] On August 24, 2011, Kenneth S. Tucker succeeded Edwin G. Buss as the Secretary of the Florida Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

three), resisting a law enforcement officer without violence (count four), possession of drug paraphernalia (count five), and criminal mischief (counts six and seven), in case number 2005 CF 3253, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. *Id.*

Respondent filed an answer and the record in paper form. Doc. 14. References herein to exhibits are to the record in paper form. Petitioner did not file a traverse. Respondent calculated the AEDPA time for filing a § 2254 petition and agrees that the petition was timely filed. Doc. 14, p. 6.

**Section 2254 Standard of Review**

The court may grant federal habeas corpus relief to "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner must first present all federal claims in state court. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999). He "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." 526 U.S. at 845, 119 S.Ct. at 1732; Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) (applying this "one complete round" requirement to the state collateral review process as well as direct appeal). If a claim is not properly presented in state court and procedurally barred from further state court review, a petitioner must demonstrate cause for the default and actual prejudice, *or* demonstrate that the constitutional violation has probably resulted in conviction of an innocent person. Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2565, 115 L.Ed.2d 640 (1991); McCleskey v. Zant, 499 U.S. 467,

494-95, 111 S.Ct. 1454, 1470-71, 113 L.Ed.2d 517 (1991). On the other hand, a § 2254 petition "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." § 2254(b)(2).

For a claim which has been properly exhausted and adjudicated on the merits in state court, review is limited. The state court's determination of a factual issue is presumed correct, unless the petitioner can rebut the presumption by clear and convincing evidence. § 2254(e)(1). If the petitioner failed to develop the factual basis for a claim in state court, an evidentiary hearing in § 2254 proceedings is limited by § 2254(e)(2). *See also* Cullen v. Pinholster, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that review under § 2254(d)(1), discussed here ahead, "is limited to the record that was before the state court that adjudicated the claim on the merits," so the federal court may not rely on new evidence developed in the § 2254 proceedings).[2]

Further, the petitioner must show that the state court's adjudication of the claim:

  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;  or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d).

Section 2254(d) is part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions. Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court. 28 U.S.C. § 2254(b). If the

---

  [2] Cullen did not address whether a district court could choose to hold a hearing under § 2254(e)(2) to determine whether § 2254(d)(2) was satisfied. 131 S.Ct. at 1401, n. 8 and 1411, n. 20.

state court rejects the claim on procedural grounds, the claim is barred in federal court unless one of the exceptions to the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 82–84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), applies.[3]  And if the state court denies the claim on the merits, the claim is barred in federal court unless one of the exceptions to § 2254(d) set out in § § 2254(d)(1) and (2) applies.  Section 2254(d) thus complements the exhaustion requirement and the doctrine of procedural bar to ensure that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding, *see id.*, at 90, 97 S.Ct. 2497.

Harrington v. Richter, 562 U.S. __, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011).  If the state court issues an opinion, it need not cite or even be aware of controlling Supreme Court cases under § 2254(d).  *Id.*, 131 S.Ct. at 784 (citation omitted).  Further,

[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.  This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim" not a component of one, has been adjudicated.

*Id.*

For an ineffectiveness of counsel claim, the "clearly established" standard is set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under Strickland, "[a] convicted defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.  In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  466 U.S. at 690, 104 S.Ct. at 2066.

---

[3] To excuse a procedural default, as noted in Wainwright and the cases cited *supra*, a petitioner must demonstrate either cause and prejudice or actual, factual innocence.

Even if deficient performance is demonstrated, a petitioner must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  466 U.S. at 694, 104 S.Ct. at 2068. It must be "reasonably likely" the result would have been different; "[t]he likelihood of a different result must be substantial, not just conceivable."  Harrington, 131 S.Ct. at 793 (citations omitted).

While Strickland explained the performance and prejudice prongs of analysis, the court need not address them in that order or even address both, as failure to demonstrate either step of Strickland is dispositive of the claim against the petitioner. 466 U.S. at 697, 104 S.Ct. at 2069.

> The Strickland standard itself is hard to satisfy, but:
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  *The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.*

Harrington, 131 S.Ct. at 788 (citations omitted, emphasis added).

**Legal analysis**

   **Ground one**

Petitioner presents two Faretta[4] claims in ground one.  He asserts that although before trial, the trial court held a Faretta hearing and allowed him to represent himself, the trial court should have held another hearing immediately before the trial began, so that he might again be offered counsel to represent him.  Doc. 7, p. 4.  He also argues that the trial court erred by not holding another Faretta hearing prior to resentencing as ordered by the appellate court on remand.  Id.

The two-part claim is without merit.  There was no need for another Faretta hearing prior to trial because trial commenced only a few weeks after the Faretta hearing, and there was no need for a Faretta hearing before resentencing because counsel was appointed for Petitioner for the resentencing.  The trail to this conclusion is a bit complicated, however.

On March 28, 2006, a month before trial,  Petitioner expressed dissatisfaction with his attorney, Frank Sheffield, and the trial court held a Nelson[5] hearing.  Ex. D, pp.

---

[4] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). *Faretta* established the procedures by which a trial court determines whether to allow a defendant to dispense with counsel and represent himself.  "It is well-established that a defendant wishing to waive his right to counsel may do so by invoking his right to self-representation and confirming his knowing choice through a cooperative dialogue with the court." United States v. Garey, 540 F.3d 1253, 1257 (11th Cir. 2008) (*en banc*).

[5] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).   As set forth in Nelson, if a defendant wishes to discharge court appointed counsel before trial claiming incompetency of counsel, "the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant.  If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense.  If no reasonable basis appears for a

2-4, 6-7. The court said that Petitioner could either represent himself or he could be represented by Sheffield, implicitly rejecting the claim that Sheffield had to be replaced; Petitioner said he would represent himself. *Id.*, pp. 13-14. The court then began the Faretta inquiry, thoroughly explaining the problems that Petitioner would face if he represented himself, but the hearing ended without a conclusion. *Id.*, pp. 14-39. At the outset, the court said that "if at the point of sentencing you wanted an attorney, I would be making a new offer to you for appointed counsel, and then we could deal with that because you – that is a separate critical stage of the proceeding . . . ." *Id.*, p. 14. Petitioner's attorney explained that Petitioner had experience with the criminal justice system:

> I mean, he's got – his experience consists of twelve prior felony convictions and seventeen misdemeanor convictions. So he's been around the system.

*Id.*, p. 30.

The hearing continued on April 21, 2006. Ex. E. Petitioner said he wanted to represent himself. *Id.*, p. 3. Counsel placed on the record that earlier, Petitioner had accepted the state's plea offer for an 18 month sentence, but he later turned the offer down, and Petitioner affirmed that still was his decision. *Id.*, p. 4. After again thoroughly going over the problems that Petitioner faced, the court told Petitioner that his decision to represent himself was final, and would not be revisited if he got "cold feet

---

finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute." Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla. 1988) (quoting Nelson and approving this procedure).

Case No. 4:09cv327-RH/WCS

at the last minute before trial." *Id.*, p. 23. Petitioner said that he would represent himself. *Id.*, p. 24.

The same circuit judge presided over jury selection on May 8, 2006. Ex. F. Another circuit judge conducted the trial on May 10, 2006. Ex. G1. He acknowledged that Petitioner was representing himself, and Petitioner said he had no choice, that Judge Dekker had so ruled. *Id.*, p. 5. After the jury returned guilty verdicts, the second judge immediately proceeded to sentencing, but did not engage in another <u>Faretta</u> inquiry to see if Petitioner wanted counsel appointed for the sentencing phase. *Id.*, p. 200.

Respondent argues that Petitioner presented this claim in state court only as a matter of state law and thus any federal claim is unexhausted. Doc. 14, pp. 10-15. On appeal, Petitioner argued that the trial court should have conducted another <u>Faretta</u> hearing, both immediately prior to trial and prior to sentencing. Ex. N, pp. 9-14. Although relying on "<u>Faretta</u>" by name, no federal cases were cited or discussed. Instead, Petitioner cited F<small>LA</small>. R. C<small>RIM</small>. P. 3.111(d)(5) and <u>Traylor v. State</u>, 596 So. 2d 957, 968 (Fla. 1992). The <u>Traylor</u> decision was based entirely upon state law. In that case, the Florida Supreme Court was construing both Article 1, § 16, of the Florida Constitution, and Rule 3.111(d)(5). At the outset the court acknowledged that state law implementation of a right to counsel could be more protective of the right than federal law:

> Under our federalist system of government, states may place more rigorous restraints on government intrusion than the federal charter imposes; they may not, however, place more restrictions on the fundamental rights of their citizens than the federal Constitution permits.

*Id.*, at 961.  The court then held:

> Once the defendant is charged—and the Section 16 rights attach—the defendant is entitled to decide at each crucial stage of the proceedings whether he or she requires the assistance of counsel.  *At the commencement of each such stage, an unrepresented defendant must be informed of the right to counsel and the consequences of waiver.*  Any waiver of this right must be knowing, intelligent, and voluntary, and courts generally will indulge every reasonable presumption against waiver of this fundamental right.  Where the right to counsel has been properly waived, the State may proceed with the stage in issue; but the waiver applies only to the present stage and must be renewed at each subsequent crucial stage where the defendant is unrepresented.

596 So. 2d at 968 (footnotes omitted) (emphasis added).  FLA. R. CRIM. P. 3.111(d)(5) provided that:

> (5) If a waiver is accepted at any stage of the proceedings, *the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.*

FLA. R. CRIM. P. 3.111(d)(5) (emphasis added).

The First District Court of Appeal in this case, however, said that it was deciding whether the trial court complied with the "federal Sixth Amendment and Faretta v. California."  Ex. Q, p. 2.  It then held that the trial court did comply with Faretta prior to trial.  *Id.*  It found error, however, with respect to sentencing, finding that Judge Dekker had "assured Appellant that the offer of counsel would be renewed before the penalty phase," but the judge who tried the case did not again offer counsel to Petitioner as the sentencing phase began.  *Id.*  The appellate court held that sentencing is a "crucial" stage of a criminal proceeding, and that the offer of counsel must be renewed then, even if counsel had been waived for trial.  *Id.*, p. 3.  Cited for this were several cases, all of which relied exclusively on Rule 3.111(d)(5) for the rule that an offer of counsel must be made again before sentencing commences.  Parker v. State, 539 So. 2d 1168, 1169

(Fla. 1st DCA 1989); <u>Kepner v. State</u>, 911 So. 2d 1256, 1258 (Fla. 4th DCA 2005); <u>Beard v. State</u>, 751 So. 2d 61, 62 (Fla. 2d DCA 1999); <u>Hardy v. State</u>, 655 So. 2d 1245, 1247-1248 (Fla. 5th DCA 1995).

On remand, the trial court granted Petitioner's motion for appointment of conflict counsel at sentencing. Ex. R. When the resentencing commenced, the trial court again did not hold a <u>Faretta</u> hearing. Ex. S, R. 242. But by then, Petitioner had counsel. At no point did Petitioner complain or say that he wanted to represent himself at sentencing. Ex. S, R. 242-257. On appeal from that resentencing, Petitioner's attorney filed an <u>Anders</u>[6] brief, noting that the "essence" of <u>Faretta</u> had been met since Petitioner had counsel at the resentencing. Ex. V, p. 14.

Thus, the last state court to consider the first <u>Faretta</u> claim treated it as a federal claim. Petitioner did exhaust state court remedies as to it. But Petitioner has not shown that the state court's adjudication was an unreasonable application of <u>Faretta</u>. A knowing waiver of counsel was found on April 21, 2006, after an exhaustive <u>Faretta</u> inquiry. Trial commenced a very short time later, on May 8, 2006, with jury selection, and the same judge who conducted the <u>Faretta</u> hearing conducted jury selection. She was not required to reopen the waiver of counsel issue absent a motion or complaint by Petitioner.

The second <u>Faretta</u> claim, that the trial court did not hold a second <u>Faretta</u> hearing prior to sentencing after remand, is, in this context, empty of meaning. The point of the <u>Faretta</u> procedure is to adjudicate a defendant's request to represent himself. There was no need for a <u>Faretta</u> hearing since there was no request by

---

[6] <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Petitioner to represent himself at the resentencing. By the time that resentencing commenced, Petitioner had rather plainly expressed himself on the point. He had appealed the *lack* of counsel and won on that issue. He was then provided counsel at the resentencing. At no point did he reverse his decision again and ask that he represent himself. So, it matters not that the First District Court of Appeal's remand was probably based solely on state law, Rule 3.111(5)(d), or that this claim seems to be based upon a failure of the state court to obey the mandate on remand. Even assuming a cognizable federal claim, this court cannot grant relief because Petitioner obtained the relief he sought and the claim is moot.[7] Ground one affords no relief.

**Ground two**

Ground two makes no sense at all. For example, Petitioner asserts: "During the second direct appeal, a Faretta hearing was not conducted prior to trial but was met during the re-sentencing." Doc. 7, p. 4. It appears to be a garbled rehash of ground one. As such, it should be denied as explained above.

---

[7] It is also observed that even if Petitioner had raised a federal claim as to this issue, the need to hold a second Faretta hearing before sentencing is not a rule firmly established by Supreme Court precedent. The Ninth Circuit has rejected the idea. "A properly conducted *Faretta* colloquy need not be renewed in subsequent proceedings unless intervening events substantially change the circumstances existing at the time of the initial colloquy." United States v. Hantzis, 625 F.3d 575, 580-581 (9th Cir. 2010), *cert. denied*, 131 S.Ct. 2133 (2011), citing United States v. Springer, 51 F.3d 861, 864-65 (9th Cir. 1995) (concluding that the defendant's retrial was "obviously" a continuation of the criminal prosecution and previous waiver was intended to stand absent an attempt to withdraw it) and White v. United States, 354 F.2d 22, 23 (9th Cir. 1965) (holding that at resentencing, the district court "was entitled to assume that the waiver was still in effect, and was not required to again advise [defendant] of his right to counsel" where defendant had waived counsel at the plea stage).

Case No. 4:09cv327-RH/WCS

**Ground three**

Petitioner asserts trial error for failure to give jury instructions on lesser included offenses. Doc. 7, p. 5. He seems to argue that it was also error for his appellate attorney to have omitted this claim on the first and second appeals. *Id.*

In Florida, a claim of ineffective assistance of state appellate counsel must be presented by a petition for writ of habeas corpus to the appellate court that heard the direct appeal. Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000); FLA. R. APP. P. 9.141(d). Petitioner filed a petition for writ of habeas corpus in the Florida First District Court of Appeal on March 21, 2008, but he did not claim ineffectiveness of appellate counsel. Ex. Z. Further, this petition was dismissed as "unauthorized." Ex. AA. Thus, Petitioner has failed to exhaust any claim of ineffectiveness of appellate counsel. Having failed to show cause and prejudice for the default, this court cannot reach the merits of any such claim.

The genesis of this claim as a trial error claim appears in the first brief on direct appeal.[8] On the first appeal, Petitioner, represented by counsel, argued that the trial court had erred in failing to give "category one lesser-included offenses" instructions for the charges of burglary of a conveyance and possession of burglary tools. Ex. N, p. 14. Counsel argued that the trial court was required to instruct on the lesser included offenses of attempted burglary, trespass, and attempted possession of burglary tools. *Id.*, p. 18. It was argued that it was error to fail to so instruct without a "clear indication that Mr. Travis 'knowingly and intelligently' waived such an instruction." *Id.* Petitioner,

---

[8] This also significantly undercuts any unexhausted claim of ineffective assistance of appellate counsel on the first appeal.

of course, had been representing himself at trial. The First District Court of Appeal rejected this claim, finding no fundamental error. Ex. Q. p. 2.

Respondent argues that Petitioner failed to exhaust state court remedies as to this claim because the argument presented on appeal relied solely upon state law, but the court need not determine this point.[9] A defendant in a non-capital criminal case has no due process right to instructions on lesser included offenses, even if the state court erred as a matter of state law.

> The federal district court relied on Easter v. Estelle, 609 F.2d 756, 758 (5th Cir.1980), to hold that due process had not been denied Perry. Easter is binding precedent in this court. While we have some qualms about whether the state trial court committed procedural error under state law by failing to instruct the jury on the lesser included offenses, Easter is clearly applicable and controls our decision to affirm. Easter held in a noncapital murder case that the Constitution's Due Process Clause does not require a state court to instruct the jury on lesser included offenses. *Id.* at 758. Thus even if it was error in this case for the state trial judge to fail to so instruct the jury, that failure does not violate the Due Process Clause.

Perry v. Smith, 810 F.2d 1078, 1080 (11th Cir. 1987); Harris v. Crosby, 151 Fed.Appx. 736, 737 (11th Cir. 2005) (not selected for publication in the Federal Reporter, No. 05-10962); Lindsey v. McNeil, 2010 WL 385381, *14 (N.D. Fla. Jan 27, 2010) (No. 3:08CV84-RV/WCS). Ground three fails to state a federal claim.

**Ground four**

Petitioner contends that the evidence was insufficient to prove possession of burglary tools "when there was no actual possession or no constructive possession of burglary tools." Doc. 7, p. 5.

---

[9] "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

The claim is procedurally defaulted. It was not mentioned until the *Anders* brief on the second appeal from resentencing. Ex. V, p. 15. The conviction itself, however, had been affirmed on the first direct appeal. Ex. Q. Petitioner could not raise claims concerning guilt on the second appeal. The second appeal could only have raised resentencing errors.

It was noted in the *Anders* brief in the second appeal that Petitioner, then *pro se*, made no objection at trial as to the sufficiency of the evidence. *Id.* "A motion for a judgment of acquittal is designed to test the legal sufficiency of the evidence." Williams v. State, 845 So. 2d 987, 988 (Fla. 1st DCA 2003). Issues not presented in a motion for judgment of acquittal are waived for appellate review. Vargas v. State, 845 So. 2d 220, 221 (Fla. 2d DCA 2003). The exception is fundamental error, which does not require a contemporaneous objection. J. B. v. State, 705 So. 2d 1376, 1378 (Fla. 1998). Petitioner has made no argument to show fundamental error, and the issue is procedurally defaulted. Petitioner has not shown cause for failure to object, or prejudice to the outcome. Thus, this court cannot reach the merits of ground four.

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

**Conclusion**

Accordingly, it is **RECOMMENDED** that petition for writ of habeas corpus filed by Darrell Travis pursuant to 28 U.S.C. § 2254, challenging his convictions for burglary of a conveyance (counts one and two), possession of burglary tools (count three), resisting a law enforcement officer without violence (count four), possession of drug paraphernalia (count five), and criminal mischief (counts six and seven), in case number 2005 CF 3253, in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, be **DENIED WITH PREJUDICE**, and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on December 14, 2011.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.